**George Truitt NEWELL, Appellant,**

v.

**Paul R. IGNATIUS, Secretary of the Navy, et al., Appellees.**

**No. 22504.**

United States Court of Appeals
District of Columbia Circuit.

Argued Dec. 19, 1968.

Decided Jan. 21, 1969.

Mr. Lester M. Bridgeman, Washington, D. C., with whom Messrs. Lawrence Speiser and Robert L. Wright, Washington, D. C., were on the motion, for appellant.

Mr. Stephen R. Felson, Atty., Department of Justice, of the bar of the Supreme Court of Ohio, pro hac vice, by special leave of court, with whom Mr. Alan S. Rosenthal, Atty., Department of Justice, was on the opposition to the motion, for appellees.

Before BURGER, WRIGHT and ROBINSON, Circuit Judges, in Chambers.

## ORDER

PER CURIAM.

This cause came on for consideration on appellant's motion for summary reversal and the court heard argument of counsel.

On consideration thereof, it is

Ordered by the court that appellant's aforesaid motion for summary reversal is denied for the reasons stated in the attached opinion, and it is

Further ordered by the court that counsel for appellees within ten days from the date of this order shall file with the clerk a statement in accordance with the last paragraph of the attached opinion, and it is

Further ordered by the court that appellant's brief shall be filed on or before Thursday, February 4, 1969; appellees' brief shall be filed on or before Wednesday, February 19, 1969; reply brief, if any, and the appendix of the parties shall be filed on or before Monday, March 3, 1969. The briefs of the parties may be filed in mimeographed or xeroxed form; and it is

Further ordered by the court that the clerk is directed to set this cause for argument on the merits as soon in March 1969 as the business of the court will permit.

## OPINION

PER CURIAM: .

■ Appellant brought this action in the District Court seeking declaratory and injunctive relief. He asserted that, while a student at Oklahoma State University in December 1966, he had been "disenrolled" from the Naval Reserve Officer Candidate Program, which makes enrollees eligible for commissions as officers in the United States Navy. His claim is that the Navy's action was taken because he was characterized by Navy officials as "disloyal," and he sought to have the disenrollment invalidated and to be reinstated into the program. He also requested that the court expunge from his naval records any statements impugning his loyalty or security status. Upon entertaining appellees' motion for summary judgment or, in the alternative, dismissal, the District Court dismissed the cause of action "for lack of jurisdiction" to grant the relief sought.

After noting his appeal, appellant urged that his case will soon suffer from the threat of mootness and that he will be harmed if the contested references in his record are not deleted by the time of

his entry into the civilian job market in November 1969. Because these adverse consequences could be eased by this court's accelerated action, appellant has moved us summarily to reverse the District Court's decision, without awaiting expiration of the full briefing schedule.

We decline this invitation, however, after preliminarily noting that some of the issues appellant raises on appeal concern involved legal areas, proper judicial resolution of which will require a more extensive discussion by the parties than has now been possible in this summary procedure. We accordingly withhold decision on these issues and in light of time factors we order that the case be set for accelerated briefing and hearing.

One issue raised by appellant does nevertheless seem capable of immediate resolution. Appellant has argued that various improper references to his loyalty exist in his naval record and that the Navy should be ordered to strike them. We are fully cognizant of the harsh impact such statements could have on appellant's future. We note, however, that appellees have admitted in the District Court proceeding that appellant's disenrollment did not rest on findings as to loyalty or security. The Deputy Under Secretary for Manpower of the Department of the Navy stated in a December 27, 1967 letter to appellant's counsel: "Seaman Newell's loyalty is not questioned. * * * [T]here is no basis to allege that Seaman Newell is a security risk."

From this statement of the Navy Department and from the representation of the Government at argument, we conclude that the Navy is fully prepared and willing, if indeed it has not already done so, to take all necessary actions to expunge all references which in any way allude to "disloyalty" or "security." We therefore accept the Government's rep-

resentation that these steps will be consummated forthwith if that has not already been done [1]; Government counsel will promptly confirm these representations by appropriate communication to this court.

So ordered.

1. We do note from the copy of appellant's service record which is before us that an order of June 7, 1967 has already properly been struck. We assume that comparable relief has been, or will be, provided for the other references to loyalty contained in the service file.