John DOE, Appellant,

v.

## U.S. AIR FORCE.

### No. 85–5348.

United States Court of Appeals, District of Columbia Circuit.

Argued Jan. 29, 1986.

Decided March 3, 1987.

---

Eugene R. Fidell, with whom Arthur B. Spitzer, Washington, D.C., was on the brief, for appellant.

Michael J. Ryan, Asst. U.S. Atty., with whom Joseph E. diGenova, U.S. Atty., Royce C. Lamberth and R. Craig Lawrence, Asst. U.S. Attys., Washington, D.C., were on the brief, for appellee.

Before EDWARDS and GINSBURG, Circuit Judges, and FAIRCHILD,* Senior Circuit Judge, United States Court of Appeals for the Seventh Circuit.

Opinion for the Court filed by Senior Circuit Judge FAIRCHILD.

FAIRCHILD, Senior Circuit Judge: Plaintiff John Doe,[1] an enlisted man on active duty, filed a complaint against defendant U.S. Air Force seeking a declaratory judgment that the seizures of certain documents and other items from his office desk and barracks room were violations of the Fourth Amendment, an injunction directing the return of his property and the destruction of any copies, and a certificate attesting to compliance.

The United States Attorney filed a motion to dismiss for lack of subject matter jurisdiction and failure to state a claim. In support, the government asserted that court martial charges had been preferred against plaintiff alleging theft of Air Force property (presumably two of the items seized) and unlawful use of controlled substances. The government argued that the complaint before the district court was tantamount to a motion to suppress evidence

in the military court and that a district court decision on the constitutionality of the searches would be an unwarranted intrusion on the separate system of military justice.

A few weeks later the government supplemented the motion with the information that plaintiff had requested an administrative discharge in lieu of court martial, and had been discharged. The court martial proceedings had been terminated and all property returned to him except certain Air Force publications which belong to the government. The government accordingly claimed that the controversy had become moot.

The district court denied the motion because there was no showing that copies of materials had not been retained.

Still later, the government filed a motion to dismiss because the case is moot, or alternatively a motion for summary judgment. In support, the government showed the return of the items seized except for the Air Force publications, copies of which were furnished plaintiff. The government disclosed, however, that it maintained four "closed" files on plaintiff.

The ... criminal investigation file relating to the investigation of plaintiff for unlawful use, possession and distribution of drugs includes an agent's notes taken during the November 2, 1983 search of plaintiff's room at the barracks which lists the names of eight individuals and the addresses of five of those individuals.... The ... counterintelligence file includes a list of the same names and addresses.... The criminal investigation file relating to the investigation of plaintiff for unauthorized use of a government computer and computer diskette includes information transcribed from the computer diskette seized from plaintiff's desk at his duty station on the base.... The ... investigation file relating to the investigation of plaintiff for

---

* Sitting by designation pursuant to 28 U.S.C. § 294(d).

1. The disrict court granted plaintiff permission to file his complaint under a pseudonym because of the Air Force's belief that he is homosexual. Air Force Regulations stated that "[h]omosexuality is incompatible with military service," 32 C.F.R. § 41.13(a) (1982), and provided for the discharge of homosexuals.

homosexual activity includes the same information.

These files are stored in the Office of Special Investigation Repository, are protected by the Privacy Act, and will be destroyed after fifteen years in accordance with regulations.

The district court granted the motion to dismiss. The court reasoned that

[t]here can be no doubt that all information gathered by the OSI investigators is information which is part of a record which the Air Force is authorized to keep and maintain (footnote omitted). Since the plaintiff has been discharged from the Air Force, the information contained in these Air Force Records cannot be the basis for any adverse administrative action. It has not been alleged that the information is inaccurate or that its retention has or is likely to cause him any legal injury.

Doe appealed.

Doe alleged that the search of his barracks room was purportedly pursuant to a search authorization, the military equivalent of a search warrant. The authorization covered the seizure of "any material that may be designated FOUO ([For Official Use Only] or classified." There was no authorization for the search of Doe's work station desk. Doe alleged that both searches and seizures violated the Fourth Amendment and that the search authorization did not validate the search of his barracks room because (1) it was not signed until after the seizure; (2) it was not based upon probable cause; and (3) the agents were unable to produce the authorization at the time of the search.

Plaintiff claims the government searched his desk and and quarters and seized his materials in violation of the Constitution. Although it has returned the materials, it concededly retains copies and information observed in the course of the searches. This is all information it would not have but for the searches and seizures. We do not reach the merits of the dispute, but if the searches and seizures were unconstitu-

tional, government possession of the information is at least the result of unlawful activity.

The government contends that the case is moot because the seized materials have been returned. It points out that it will not have the opportunity to use the retained information adversely to plaintiff because he is no longer in the Service and is ineligible to re-enlist. It argues that a judicial determination whether the searches and seizures were unconstitutional would be only an advisory opinion.

The government argues that its return of plaintiff's materials has "completely and unequivocally eradicated the effects of the alleged violation," *citing County of Los Angeles v. Davis*, 440 U.S. 625, 631, 99 S.Ct. 1379, 1383, 59 L.Ed.2d 642 (1979). In our view retention of the information prevents the "eradication" from being complete.

The government also urges that "there is no tangible relief to be afforded" plaintiff. Plaintiff concedes that he "may not maintain a suit to recover damages from a superior officer for alleged constitutional violations." *Chappell v. Wallace*, 462 U.S. 296, 305, 103 S.Ct. 2362, 2368, 76 L.Ed.2d 586 (1983). He seeks, however, a declaratory judgment and an injunction compelling expungement of the retained information.[2]

We think that a declaratory judgment that the materials and information were obtained by violating the Constitution would constitute relief. A court may properly assume that the government would respond to such a declaration by surrendering the retained copies and information obtained by means determined to have been unconstitutional. *See Poe v. Gerstein*, 417 U.S. 281, 94 S.Ct. 2247, 41 L.Ed.2d 70 (1974). *Cf.* Expungement by the Navy on its own initiative in *Newell v. Ignatius*, 407 F.2d 715, 717 (D.C.Cir.1969).

Moreover, the government's showings on its motion for summary judgment have not conclusively shown that court ordered expungement is not available as a remedy if

2. The only defendant named in the complaint is the Air Force. The government has not claimed immunity from suit for injunctive and declaratory relief. *See* 5 U.S.C. § 702.

it be determined that the retained copies and information were unconstitutionally obtained.

The federal courts are empowered to order the expungent of Government records where necessary to vindicate rights secured by the Constitution or by statute.

*Chastain v. Kelley*, 510 F.2d 1232, 1235 (D.C.Cir.1975).

There may remain a right not to be adversely affected by the information in the future. Such a right may exist if the information ... was acquired by fatally flawed procedures....

510 F.2d at 1236.

It is equally well-established that expungement of records is, in proper circumstances, a proper remedy in an action brought directly under the Constitution.

*Hobson v. Wilson*, 737 F.2d 1, 65 (D.C.Cir. 1984). *Finley v. Hampton*, 473 F.2d 180 (D.C.Cir.1972), relied upon by the government, involved only "lawfully acquired information." 473 F.2d at 185 & 189.

Statutes requiring maintenance and regulating destruction of agency records do not prevent an order requiring expungement, but "must yield to statutory or constitutional rights elsewhere guaranteed." *Hobson*, 737 F.2d at 64. *See also, Sullivan v. Murphy*, 478 F.2d 938 (D.C.Cir. 1973), and *Reuber v. United States*, 750 F.2d 1039, 1062, & 1068 (D.C.Cir.1984), Bork, J., concurring.

We have found no decision dealing with expungement of information obtained in violation of the Fourth Amendment, as alleged here. At least where expungement is sought on other constitutional grounds, "[d]etermination of the propriety of an order directing expungment involves a balancing of interests; the harm caused to an individual by the existence of any records must be weighed against the utility to the Government of their maintenance." *Hobson*, 737 F.2d at 65, *quoting Paton v. LaPrade*, 524 F.2d 862, 868 (3d Cir.1975). *Cf. Chastian*, 510 F.2d at 1236; *Sullivan*, 478 F.2d at 973.

"[T]he finding as to the threat of harm and the balancing of relevant interests are fact-laden determinations that must be confided to the discretion of the district court." *Reuber*, 750 F.2d at 1069, Bork, J., concurring. The facts shown by the government here, that the information is in "closed" files, and will be destroyed in a period of years do not, in our opinion, conclusively establish that an order directing expungement would be inappropriate if the Fourth Amendment violation were found to have occurred.

The judgment appealed from is reversed and the cause remanded for further proceedings.

*Reversed and Remanded.*