Larry L. Gregg, U.S. Dept. of Justice, Civ. Div., Torts Branch, Washington, D.C., for defendants.

**William A.K. LAKE, et al., Plaintiffs,**

v.

**John EHRLICHMAN, et al., Defendants.**

**Civ. A. No. 74–887.**

United States District Court, District of Columbia.

Oct. 6, 1989.

## MEMORANDUM OPINION

JOHN H. PRATT, District Judge.

This protracted litigation hopefully is nearing its conclusion. This is because on May 18, 1989, plaintiffs agreed to forego their claims for damages asserted against six individual defendants in their individual capacities.[1] The only remaining defendants, who are sued in their official capacities, are the Attorney General of the United States and the Director of the Federal Bureau of Investigation (FBI). The single remaining issue before us is the appropriate disposition to be made of the wiretap records of plaintiffs' home telephone, concerning which the parties have been unable

---

1. These defendants were John D. Ehrlichman, Alexander M. Haig, H.R. Haldeman, Henry A. Kissinger, John N. Mitchell and William C. Sullivan.

to agree. *Stipulation of Dismissal* of May 19, 1989, pp. 1–2. The matter has been fully briefed.

Plaintiffs seek "the expungement of the wiretap logs and the FBI memoranda and the summary letters prepared from those logs" on the ground that the further maintenance of these records represents a continuing wrongful invasion of their privacy. *Plaintiffs' Memorandum in Support of Motion for Expungement*, p. 5. Defendants, on the other hand, would have the court seal the records of the Lake surveillance for a sufficient period to protect the Lakes from any adverse effects, following which they would be made available to the Archivist of the United States for a determination of their historic value. *Defendants' Memorandum of Points and Authorities in Opposition to Plaintiffs' Motion for Expungement*, pp. 11–12. None of these logs and summaries have been made available to the public.

*Analysis*

■ It is unnecessary to recall the fact that plaintiffs' home telephone was the subject of a wiretap from May 13, 1970 to February 10, 1971, that a log of such conversations was maintained by the FBI and the 36 letters containing summaries of such logs were sent to H.R. Haldeman of the White House by J. Edgar Hoover, Director of the FBI. It is uncontested that said warrantless wiretap while authorized by the Attorney General, would be if conducted today, a violation of the Fourth Amendment. It is not necessary at this juncture to determine that this wiretap conducted in 1970 and 1971 was "not in violation of established law." See *Smith v. Nixon*, 807 F.2d 197, 204 (D.C.Cir.1986). It is also the fact that the wiretap on plaintiffs' home was installed after plaintiff Anthony Lake left the employ of the United States, that no information damaging to the security of the United States was elicited and, as the letters of Kissinger and Haig demonstrate, plaintiff Anthony Lake at all times has acted with "extraordinary loyalty and in-

tegrity." *Stipulation of Dismissal*, letters of Henry A. Kissinger and Alexander M. Haig, Jr. Neither considered him a "security risk." *Ibid.* In summary, plaintiffs complain that their constitutional right to privacy has been invaded and that this intrusion continues. They seek to have these records expunged. Plaintiffs have submitted supporting declarations attesting to their sense of outrage. Defendants' sole argument for the preservation of this material, with appropriate safeguards, is that it constitutes "a priceless-indeed a unique-historical record," which they seek to preserve, not for operational use but as an important resource for the future. *Defendants' Memorandum in Support of Motion for Judgment on the Pleadings*, pp. 8–12. The ten examples cited by defendants as indicative of the "potential historic value" reflect defendants' speculative opinion and are not convincing. See *Defendants' Memorandum in Opposition*, pp. 7–10. In addition, defendants have offered no affidavits or other material from scholars and others as to the importance to future historians of this meager addition to the already well-publicized record of this entire episode which has been characterized as the "White House 17 Wiretaps." [2]

■ The legal standard to be employed is not in dispute: "(e)xpungement, no less than any other equitable remedy, is one over which the trial judge exercises considerable discretion." *Chastain v. Kelley*, 510 F.2d 1232, 1236 (D.C.Cir.1975). See also *Doe v. U.S. Air Force*, 812 F.2d 738 (D.C.Cir.1987); *Hobson v. Wilson*, 737 F.2d 1 (D.C.Cir.1984); *Reuber v. United States*, 750 F.2d 1039, 1068–69 (D.C.Cir.1984) (Bork, J. concurring). In the exercise of its discretion, the court is required to balance the interests of the plaintiffs whose privacy has been invaded against the interests of the government seeking to preserve said records. Judge Smith, when faced with almost similar facts, applied such test. *Smith v. Nixon*, 664 F.Supp. 601 (D.D.C.

---

**2.** Sixteen others, besides plaintiffs, were subject to the same type of wiretaps during this period. It seems to be generally conceded that they were unproductive. At least, President Nixon so re-

garded the wiretapping of Morton Halperin and plaintiff Anthony Lake. *Plaintiffs' Compendium* at 108.

1987). Defendants' claim that plaintiffs must show irreparable injury before being entitled to this type of equitable relief is a bald assertion without benefit of citation.

We adopt Judge Smith's reasoning and after applying such a balancing test, we hold that plaintiffs' interests clearly outweigh the interests of the government in preserving records of dubious interest and questionable accuracy.[3] *Smith v. Nixon, ibid.* Accordingly, we grant plaintiffs' motion for expungement.

An order consistent with the foregoing has been entered this day.

## ORDER

Upon consideration of defendants' motion for judgment on the pleadings, plaintiffs' motion for expungement of records, the oppositions thereto, and the entire record herein, it is, this 6th day of October, 1989,

ORDERED, that defendants' motion for judgment on the pleadings is denied; and it is

FURTHER ORDERED, that plaintiffs' motion for expungement of records is granted; and it is

FURTHER ORDERED, that defendants shall immediately expunge all logs and records of the wiretap on plaintiffs' home telephone from May 13, 1970—February 10, 1971.

---

3. The defendants admit that they "lack both the expertise and the perspective to make the judgment of historic value". *Defendants' Memoran-* *dum in Opposition* to plaintiffs' motion, p. 10. We commend defendants' counsel for their candor.