**Betty M. CALLICOTTE, Plaintiff,**

v.

**Frank C. CARLUCCI III, Defendant.**

**Civ. A. No. 88–1435.**

United States District Court, District of Columbia.

Feb. 21, 1990.

As Amended Feb. 28, 1990.

Francis R. Ridley, Jr., Washington, D.C., for plaintiff.

Patricia D. Carter, Asst. U.S. Atty., Washington, D.C., for defendant.

## MEMORANDUM

JUNE L. GREEN, District Judge.

This matter is before the Court on three motions: plaintiff's Motion for Records Expungement; plaintiff's Motion for Award of Attorney Fees and Costs; and defendant's Motion to Bifurcate the motion for attorney fees into separate proceedings on the issues of entitlement to and reasonableness of any award. Having considered the motions and the memoranda submitted in support of the parties' positions, and the entire record in this case, the Court concludes that the personnel records concerning plaintiff must be cleansed of references to misconduct and disciplinary actions brought on by plaintiff's substandard performance while disabled by alcoholism.

The Court also finds that plaintiff is a prevailing party within the meaning of the attorney's fees provision of the Rehabilitation Act of 1973, 29 U.S.C. § 794a(b) (1982). However, because the record is not fully developed on the issue of the reasonableness of the proposed fee award, the entry of a judgment amount is withheld pending defendant's filing· on this issue.

## I. *Background*

Plaintiff Betty M. Callicotte, an employee at the Defense Mapping Agency, Department of Defense (the "Agency"), brought this suit to enjoin the Agency from discharging her for alleged misconduct caused solely by dual handicapping conditions, namely, alcoholism and severe depression. The facts underlying this dispute are set forth in Judge Barrington Parker's Memorandum Opinion Granting Preliminary Injunction, dated June 23, 1988. 698 F.Supp. 944 (D.D.C.1988). The facts as stated in that opinion form part of the reasons for the Court's decision on these remaining issues. The further history of this litigation, as set forth below, confirms the Court's conclusion that the defendant violated Section 501 of the Rehabilitation Act of 1973, as amended, by failing to make reasonable accommodation for the plaintiff's disability caused by alcoholism.

The order granting preliminary injunction restrained defendant from removing plaintiff pending her completion of a six-week inpatient alcoholism treatment program and a comprehensive fitness-for-duty examination; required defendant to immediately perfect plaintiff's disability retirement if she was found unfit for duty; and preserved plaintiff's entitlement to all benefits under the Federal Personnel Manual pending her retirement or return to duty.

Plaintiff successfully completed the inpatient treatment program on August 12, 1988. Unfortunately, plaintiff suffered a relapse shortly after her return to work, reporting drunk, late or not at all on several occasions. On September 19 and 22, plaintiff was too drunk to complete scheduled fitness-for-duty exams. On September 26–29, 1988, plaintiff was hospitalized at Arlington Hospital for detoxification. On October 28, 1988, plaintiff received a second proposed Notice of Removal. The charges underlying this second notice included plaintiff's incapacity for work due to her relapse as noted above. The asserted grounds also specifically included plaintiff's disciplinary record dating back to July 7, 1983, including transgressions indisputably caused by plaintiff's alcoholism.

Removal on the basis of these earlier transgressions, by virtue of the first Notice of Removal dated November 13, 1987, had already been enjoined by Judge Parker.

On November 7, 1988, plaintiff filed a Motion for Contempt, claiming that the second attempted removal violated the preliminary injunction. Plaintiff requested equitable relief including rescission of the Proposed Removal dated October 28, 1988; an order to the Agency to base plaintiff's retirement upon the medical findings only; and an order to the Agency to retain plaintiff in full pay and benefit status until her disability retirement benefits became available. Supplemental filings on the question of equitable relief, submitted pursuant to Judge Barrington Parker's request, further requested that the Agency expunge from its files any and all allegations relating to "misconduct" resulting solely from plaintiff's handicapping condition; that in the event plaintiff's disability retirement application was denied, that the Agency retain plaintiff on active duty pending appeal of the denial; and that plaintiff be awarded attorney fees and costs.

After a hearing on the motion for contempt and for further equitable relief, Judge Parker issued an order on December 12, 1988. The order denied the motion for contempt but granted the request for equitable relief for the Agency to retain plaintiff in an active duty status and to expedite a decision on her application for disability retirement. A further status conference was held on January 10, 1989, at which time the Court ordered further briefing on the issues of records expungement and attorney's fees. Having carefully considered the pleadings and the entire record, this Court will render its decision on these remaining issues.

## II. *Discussion*

### 1. *Expungement of Records*

■ The law is clear that the expungement of government records, including administrative records, may be an appropriate equitable remedy used to vindicate rights secured by the Constitution or by statute. *Chastain v. Kelley,* 510 F.2d 1232, 1236 (D.C.Cir.1975) (citations omitted). The court in *Chastain* articulated a standard under which an employee has the right not to be adversely affected in the future by information in the government's files. The right may exist if the information is (1) inaccurate, (2) acquired by fatally flawed procedures, or (3) is prejudicial without serving any proper purpose of the government. *Id.* The Court finds that under these tests, plaintiff is entitled to expungement of all references to misconduct and to disciplinary actions incurred because of her substandard performance while disabled by alcoholism.

The plaintiff fails to make a case on the first ground articulated in *Chastain.* Although the record of charges may be prejudicial and/or misleading, in all fairness, it cannot be said that the record is inaccurate. Plaintiff has not contested that the incidents did occur. It is the Court's conclusion, however, that plaintiff has the right to expungement on both the second and the third grounds set forth in *Chastain.*

■ The Court finds that the record of adverse actions in plaintiff's personnel file was compiled in violation of § 501 of the Rehabilitation Act of 1973, as amended. The Rehabilitation Act requires employers to make reasonable accommodation for handicapped employees, which the Agency failed to do in Ms. Callicotte's case. It is inconsistent with the legislative perception of alcoholism as a disease to allow the use of pre-treatment records, conceded to be attributable to alcohol abuse, for disciplinary purposes. *See Walker v. Weinberger,* 600 F.Supp. 757, 762 (D.D.C.1985) (ordering pre-treatment violations excluded from compilation of subsequent disciplinary record).

■ Furthermore, prior to the Court's intervention, the Agency failed to take sufficient steps to accommodate plaintiff's disability. The Court, following the standard articulated by Judge Gesell in *Whitlock v. Donovan,* 598 F.Supp. 126 (D.D.C.1984), *aff'd mem. sub nom.,* 790 F.2d 964 (D.C. Cir.1986), granted a preliminary injunction against the first proposed removal, finding that the Agency:

[M]ade no significant efforts to accommodate plaintiff's disease nor offered her a chance to take leave without pay as required under the personnel rules. Indeed, its efforts fell far short of those held as inadequate in *Whitlock* ...

Nor was plaintiff's superior, Angelo Meoli, justified in concluding, based on this *single instance* of unsuccessful treatment [which immediately preceded the last chance agreement], that she had an "extensive history of rehabilitative failures" and that the agency could not reasonably accommodate her handicap and retain her at work.

Because the agency failed to offer an extended leave as required under Personnel Directive 339–1–3(b)(1), it violated a duty owed to plaintiff.

*Callicotte v. Carlucci,* 698 F.Supp. 944 (D.D.C.1988) (Memorandum Opinion Granting Preliminary Injunction) at 949, 950, 950.

The Agency imposed discipline, including four suspensions and a threatened termination, without first making adequate efforts to accommodate plaintiff's disability. Judge Parker found the last chance agreement of November 1987 to be nothing more than a means for the Agency to avoid its obligations under the Rehabilitation Act. *Id.* at 947, n. 2. The Agency further erred in not excluding pre-treatment violations in its consideration of the second proposed removal in October 1988. The procedures pursued by the Agency in this case violated the Rehabilitation Act. They are, therefore, fatally flawed within the meaning of *Chastain.*

■ There can be no doubt that references to misconduct and disciplinary action will adversely affect plaintiff's ability to gain employment in the future. Thus, this information is prejudicial. The government asserts that it has an interest in retaining this information because it is relevant to job performance. However, the government's interest is protected adequately by the fact that plaintiff's files will indicate her disability retirement due to alcoholism. Her attendance record, even without the disputed suspensions, will reflect accurate-ly many missed days of work. The additional records, including charges the Agency has characterized as misconduct, *see* Notice of Proposed Removal dated October 28, 1988, at ¶ 2.a., can provide an employer with no additional legitimate insight. Thus, the prejudice plaintiff would suffer outweighs the government's asserted need to retain these records. *See Doe v. United States Air Force,* 812 F.2d 738, 741 (D.C. Cir.1987) (court must balance harm to individual against utility to government).

### 2. *Attorney's Fees and Costs*

In the recent decision of *Texas Teacher's Assn. v. Garland Independent School District,* —— U.S. ——, 109 S.Ct. 1486, 103 L.Ed.2d 866 (1989), the Supreme Court clarified the standard to be applied in determining a party's entitlement to an award of attorney's fees in civil rights litigation. The Court repeated the formulation, first articulated in *Hensley v. Eckerhart,* 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983), that: "[i]f the plaintiff has succeeded on any 'significant issue in litigation which achieve[d] some of the benefit the parties sought in bringing the suit' the plaintiff has crossed the threshold to a fee award of some kind." 109 S.Ct. at 1491, (*quoting Nadeau v. Helgemoe,* 581 F.2d 275, 278–79 (1st Cir.1978)).

■ Review of the entire record in this case compels the conclusion that plaintiff has been successful in obtaining the majority of the relief she sought in filing this suit. In fact, the only request on which the plaintiff did not prevail was the request for a finding that the Agency acted in contempt of the Court's June 23, 1988 order in reinstating its proposed termination notice before plaintiff's disability retirement was approved.

Defendant opposes the fee award on the theory that plaintiff's attainment of disability retirement prior to a final adjudication of her claims brings this case within the rule that fees are not available for mere interim or procedural victories that do not address the merits of the underlying discrimination claim. *See, e.g., Hanrahan v. Hampton,* 446 U.S. 754, 758, 100 S.Ct.

1987, 1989, 64 L.Ed.2d 670 (1980) (although respondents were successful in having directed verdicts reversed on appeal, no attorney's fees because decision did not address the merits of the civil rights claims); *Grubbs v. Butz*, 548 F.2d 973 (D.C.Cir. 1976) (decision allowing claimant to proceed without exhausting administrative remedies was a significant victory, but claim for attorney's fees was premature). However, plaintiff's success in obtaining the preliminary injunction in this case was based on the Court's determination that plaintiff was likely to prevail "on the merits." The injunction had the distinct effect of preventing plaintiff's termination in violation of the Rehabilitation Act. Thus, unlike *Hanrahan*, this decision satisfies the requirement of having prevailed on the merits.

### III. *Conclusion*

The Court finds that plaintiff has shown good cause for expungement from her personnel file of all references to misconduct and disciplinary actions incurred solely as a result of her disability, namely, alcoholism. On this ground, and on the basis of Judge Parker's earlier decision granting preliminary injunction and partial equitable relief, plaintiff is entitled to a reasonable attorney's fee as a prevailing party under the statute, 29 U.S.C. § 794a(b) (1982). Because defendant has not responded to plaintiff's motion for fees on the issue of the reasonableness of the proposed fee, the Court will reserve decision on the proper amount of an award until briefing on this issue is complete.

### ORDER

Upon consideration of plaintiff's Motion for Records Expungement and plaintiff's Motion for Award of Attorney Fees and Costs; the Opposition of the defendant to the motions; defendant's Motion to Bifurcate the motion for attorney fees into separate proceedings on the issues of entitlement to and reasonableness of any award; the Opposition of plaintiff thereto; and the entire record in this case, and for the reasons set forth in the accompanying memorandum, it is by the Court this 21st day of February 1990,

ORDERED that plaintiff's motion to expunge from her personnel files adverse information, including charges of misconduct and disciplinary actions incurred because of her substandard performance while disabled by alcoholism, is granted; it is further

ORDERED that plaintiff's motion for award of attorney fees and costs as a prevailing party pursuant to the Rehabilitation Act, 29 U.S.C. § 794a(b), is granted; it is further

ORDERED that defendant's motion to bifurcate is denied; and it is further

ORDERED that the plaintiff's motion as to reasonableness of the fees requested shall be deemed conceded unless defendant files a response on this issue within ten days of this order.